IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

W. FLAGG PAVLIK,

   Plaintiff,       09cv0743

                **ELECTRONICALLY FILED**

  v.

INTERNATIONAL EXCESS AGENCY, INC,
ET AL.,

   Defendants.


**MEMORANDUM OPINION RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOC NO. 62).**

**I. INTRODUCTION**

Plaintiff, W. Flagg Pavlik ("Pavlik") instituted the present action by filing a complaint in civil action (Doc. No. 1) on June 6, 2009.  Plaintiff's amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (Doc. No. 14) was filed on July 22, 2009 and alleged that Defendants: International Excess Agency, Inc. ("International Excess"), International Excess Program Managers, Inc., Getguard Insurance, WSIB Insurance Agency, LLC, and Willcomply, LLC (collectively referred to as "Defendants"), harassed and discriminated against Plaintiff because of his sex, male, and his age, 62.  Plaintiff alleged one federal claim against all Defendants, namely employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000(e) *et seq.* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*.  Plaintiff also alleges two state law claims, namely; Count II- Employment Discrimination by all Defendants in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951 *et seq.,* and Count III- Breach of Contract by Defendant International Excess.

Before this Court is Defendants' Motion for Summary Judgment (Doc. No. 62). Defendants' argue that Counts I and II should be dismissed because Plaintiff was not an "employee" entitled to protection under Title VII, the ADEA and the PHRA and Count III should be dismissed as Plaintiff cannot show the existence of an "original agreement" and International Excess did not breach the Independent Contractor Agreement. (Doc. No. 65).  For the foregoing reasons, this Court will grant Defendants' Motion for Summary Judgment as to Count I and will dismiss counts II and III without prejudice leaving Plaintiff free to file these claims in state court. (Doc. No. 62).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that on a motion for summary judgment, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  "Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).

An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.* Recently, the United States Supreme Court "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, a court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

### III. DISCUSSION

#### A.    Federal Law Claim-Count I Will Be Dismissed
####        Plaintiff Is Not an Employee under Title VII or ADEA

Title VII and the ADEA protect employees from employment discrimination with respect to an employee's age and sex among other characteristics. 42 U.S.C. §2000(e)(2).  Only

employees are entitled to protection under Title VII or the ADEA . *See*, *e.g.*, *Menkowitz, M.D. v. Pottstown Memorial Medical Center*, 154 F.3d 113 (3rd Cir. 1998), *Brown v. J. Kaz, Inc.*, 581 F.3d 175 (3rd Cir. 1975).  Congress has not extended Title VII's protections and remedies for discrimination to independent contractors.  *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435 (7th Cir. 1996); *Walker v. Correctional Medical Systems, Inc.*, 886 F.Supp. 515, 519 (W.D.Pa. 1995).

Neither Title VII nor the ADEA provide a helpful definition of 'employee'.  Title VII defines an employee as "an individual employed by an employer, except. . . ." for certain exceptions not here relevant.  42 U.S.C. § 2000(e)(b).  The Supreme Court has adopted a common law agency test to determine if an employment relationship exists through a range of twelve factors including: the duration of the relationship, employee benefits and the hiring party's right to control manner and means by which product is accomplished. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323-324 (1992), *citing* Restatement (Second) of Agency § 220(2).

Plaintiff was an independent contract and therefore is not entitled to Title VII or ADEA's protections.[1]  Plaintiff admits that he signed the Independent Contractor Agreement ("agreement") and was an independent contractor as of February 2008 through the time of his termination in June 2008. (Appx. Plaintiff's Dep. 104:20-105:18).  Absent an employment contract, Pennsylvania law presumes that employment is at will.  *Vero v. Meredith*, 515 A.2d 571 (Pa. Super. 1986).

---

[1] Plaintiff admits that Title VII does not cover independent contracts when stating "The PHRA expressly includes 'independent contractors' among persons protected . . . in this respect, the PHRA differs from Title VII." (Doc. No. 84, 12-13).

Plaintiff's complaint originally claimed duress voided the Independent Contractor Agreement.  However, Plaintiff now concedes that the agreement was ratified by Plaintiff's actions and duress cannot be used now to void the agreement. (Doc. No. 84).  Further negating the duress argument, Plaintiff had two weeks to consider the terms of the agreement, in which time he had the opportunity to consult with an attorney and spoke with other individuals in the insurance industry.  The absence of an employment contract between the parties presumes under Pennsylvania law that Plaintiff was employed at will, and the later Independent Contractor Agreement reinforces that Plaintiff was not an employee as defined by tradition agency principles or protected under Title VII or the ADEA.

Plaintiff presents no further evidence or persuasive argument suggesting that he was not an independent contractor as defined in the Independent Contractor Agreement.  As such, Plaintiff is not an employee and his claims are not valid under Title VII or the ADEA.  This Court will grant Defendants' Motion for Summary Judgement as to Count I.

### B.    STATE LAW CLAIMS

Because Plaintiff's sole federal law claim (Count I) will be dismissed, this Court must decide whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims (Counts II - III).  Section 1367 of Title 28 of the United States Code provides that a district court may exercise supplemental jurisdiction over state law claims if they form the same case and controversy as the federal claims. 28 U.S.C. § 1367(a).  However, a district court may decline to exercise jurisdiction over the supplemental claims if  "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).  While this rule appears to be permissive, the United States Court of Appeals for the Third Circuit has held that a "district court

must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). If a district court decides not to exercise supplemental jurisdiction over state law claims "and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits." *Kach v. Hose*, 589 F.3d 626, 650 (3d. Cir. 2009).

This Court will decline to exercise its jurisdiction over the Plaintiff's remaining state law claims (Counts II and III), and will dismiss said claims without prejudice, in part because these claims solely invoke state law and are better handled by courts familiar with the applicable statutory and common law. Pursuant to 42 Pa. C.S.A. §5103(b), Plaintiff may pursue these claims in state court.

### 1. Count II- Employment Discrimination Under PHRA

Plaintiff alleges in Count II that Defendant employers engaged in unlawful employment practices in Washington County, Pennsylvania in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 *et seq*. (Doc. No. 14, ¶22). As Count I, Plaintiff's sole federal claim will be dismissed, this Court will decline to exercise jurisdiction over Count II and dismiss Count II without prejudice. Plaintiff may pursue Count II in state court.

### 2. Count III- Breach of Contract Claim against International Excess

Plaintiff claims that an email between himself and Marc Pender of International Excess discussing terms of employment, with the subject line "Elements for your consideration" established an employment contract with International Excess which included a "no-cut clause" and a term of employment of three-five years. (Doc. No. 84). Plaintiff admits the email stated

6

that it set forth a "skeleton outline of a deal we would like to formalize". (Appx. 2, October 19, 2006 email).  The email did not specify a duration of employment.  Plaintiff argues the email "set forth the essential terms of the parties relationship" and under Pennsylvania law constitutes an implied-in-fact contract and that his termination breached the contract.

For reasons previously noted, this Court declines to exercise jurisdiction over Count III and will dismiss Count III without prejudice.  Plaintiff is free to pursue said claim in the appropriate state court.

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. No. 62) as to Count I.  Motion for Summary Judgment will be granted as to Count I as Plaintiff is not an employee as required under Title VII or the ADEA and therefore is not entitled to bring a cause of action under those statutes.

Counts II-III will be dismissed without prejudice leaving Plaintiff free to pursue said claims in state court.

An appropriate order follows.


**SO ORDERED** this 23rd Day of March, 2010

s/ Arthur J. Schwab

Arthur J. Schwab

United States District Judge


cc:     All Registered ECF Counsel and Parties

7

B.     *COUNT III WILL BE DISMISSED AS PLAINTIFF CANNOT SHOW EXISTENCE OF THE 'ORIGINAL AGREEMENT' AND DOES NOT DEMONSTRATE THAT DEFENDANT BREACHED THE INDEPENDENT CONTRACTOR AGREEMENT*

1. Elements for your consideration email

In Pennsylvania, a contract of employment which does not specify a definite duration of employment is presumed to be terminable at the will of either party. *Geary v. United States Steel Corp.*, 319 A.2d 174 (1974).  Therefore, the party asserting the contract is not terminable at the will of either party has the burden to overcome the presumption by producing evidence of facts and circumstances establishing a definite duration. *Geib v. Alan Wood Steel Co.*, 419 F.Supp. 1205, 1208 (E.D. Pa. 1976).  Plaintiff is not able to overcome this burden. Plaintiff admits that several key provisions of the "Elements for your consideration" email were never followed.  Namely; 1. Plaintiff admits that a separate LLC was never formed and he never received 15% ownership of the proposed LLC, 2. A non-compete agreement was never entered into, and 3. Plaintiff claims he is entitled to commission, which is contrary to the terms of the email he alleges is an employment agreement. (Doc. No. 15, 38 and 46).   The terms of duration were also never agreed upon.  The "Elements" email states, "we should talk about a no-cut clause to be certain we are on the same page".  Plaintiff presents no evidence that raises an genuine issue of material fact that the "Elements" email constituted an employment contract specifying a term of years.  As no term of employment were specified, under Pennsylvania law, the employment agreement between Plaintiff and Defendants is presumed to be terminable by the will of either party.

2. *Independent Contractor Agreement was valid*

On February 22, 2008, Plaintiff signed the Independent Contractor Agreement ("agreement") with Defendant International Excess.  Plaintiff's complaint originally alleged the agreement was voidable as the product of duress. (Doc. No. 14).   However, Plaintiff's Brief in Opposition to

The agreement provided that International Excess could terminate the agreement at any time following thirty days notice, "the Agency shall be entitled to terminate the Contractor's Agreement at anytime, without cause, following thirty (30) days notice to Contractor". Appx. 7, Independent Contractor Agreement,   International Excess sent a letter to Plaintiff in May 2008 stating the independent contractor relationship was terminated on June 30, 2008.  Appx. 8, termination letter.  Plaintiff admits he received over thirty (30) days written notice of his termination.  International Excess complied with the provisions of the Independent Contractor Agreement by giving Plaintiff contractually required notice.  Therefore, Plaintiff has no cause of action for breach of the valid agreement.  Count III will be dismissed.

8